United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE SCOTT JOACHIM,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>S. HATTON, Warden,<br><br>　　　　　Respondent. | Case No. 16-cv-00895-HSG (PR)<br><br>**ORDER TO SHOW CAUSE;<br>GRANTING LEAVE TO PROCEED IN<br>FORMA PAUPERIS**<br><br>Re: Dkt. No. 2 |

**INTRODUCTION**

Petitioner, an inmate at the Correctional Training Facility in Soledad, California, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner also seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915.

**BACKGROUND**

The petition provides the following information: In 2013, in Contra Costa County Superior Court, petitioner was convicted by a jury of first degree residential burglary and first degree residential robbery with an enhancement for a prior prison term. He was sentenced to 7 years and 8 months in state prison. In 2015, the California Court of Appeal remanded to the trial court to correct sentencing and clerical errors but confirmed the judgment in all other respects. Petitioner also filed unsuccessful petitions for writ of habeas corpus in the state courts. The instant action was filed on February 23, 2016.

**DISCUSSION**

A.  **Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

B.  **Claims**

As grounds for federal habeas relief, petitioner claims that he was denied his constitutional right to a speedy trial. Liberally construed, the claim appears arguably cognizable under § 2254 and merits an answer from respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's *in forma pauperis* application is GRANTED.

2. The Clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

1    If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty-five (35) days** of the date the answer is filed.

4. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

This order terminates Docket No. 2.

**IT IS SO ORDERED.**

Dated: April 25, 2016

HAYWOOD S. GILLIAM, JR.
United States District Judge