UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE SCOTT JOACHIM,<br>             Petitioner,<br>   v.<br>S. HATTON, Warden,<br>             Respondent. | Case No. 16-cv-00895-HSG (PR)<br><br>**ORDER ADDRESSING PETITIONER'S OCTOBER 27, 2016 LETTER** |

      This is a federal habeas corpus action filed by a pro se state prisoner pursuant to 28 U.S.C. § 2254.  Petitioner seeks to challenge his 2013 convictions for first degree residential burglary and first degree residential robbery with an enhancement for a prior prison term, for all of which he was sentenced to an aggregate term of 7 years and 8 months in state prison.

      In his petition, Petitioner raised a single claim alleging that he was denied his constitutional right to a speedy trial.  On April 25, 2016, the Court ordered Respondent to show cause why the petition should not be granted, and on October 24, 2016, Respondent filed an answer to the petition.  On October 27, 2016, Petitioner filed a letter with the Court seeking guidance on how to stay the instant petition so that he may return to state court to exhaust additional claims.  *See* Dkt. No. 12.  The letter is dated October 20, 2016.

      Petitioner is advised that if he seeks to exhaust additional claims in state court, he must file a motion to stay the instant action.  *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).  A stay "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court;" the claims are not meritless; and there were no intentionally dilatory litigation tactics by the petitioner.  *Rhines*, 544 U.S. at 277-78.  Any stay must be limited in time to avoid indefinite delay.  *Id.*  Reasonable time limits would be 30 days to get to state

court, as long as reasonably necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. *See id.* at 278. If petitioner moves for a stay, he must show that he satisfies the *Rhines* criteria. The *Rhines* Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* at 277.

If petitioner seeks to file a motion to stay, he must do so within **twenty-eight (28)** days of this order. If petitioner does not wish to file a motion to stay, he shall so inform the Court within **twenty-eight (28) days** from the date of this order.

Petitioner's traverse is currently due on November 28, 2016. If petitioner does not file a motion to stay, he should file his traverse pursuant to the prior order to show cause.

Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: 11/10/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

2