UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE SCOTT JOACHIM,<br>　　　　Petitioner,<br>　　v.<br>S. HATTON,<br>　　　　Respondent. | Case No. 16-cv-00895-HSG<br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>Re: Dkt. No. 20 |

　　　　Petitioner Duane Scott Joachim filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of a judgment obtained against him in state court. Dkt. No. 1. On November 2, 2017, the Court denied this petition, and denied a certificate of appealability. Dkt No. 18. On November 20, 2017, Petitioner filed a motion for reconsideration. Dkt. No. 20. For the reasons set forth below, the motion for reconsideration is DENIED.

**DISCUSSION**

**I.　　Standard**

　　　　Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

A motion for reconsideration under Federal Rule of Civil Procedure 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (emphasis in original) (citation omitted); *see also Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (internal quotation marks and citation omitted) ("the major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice"). Courts construing Rule 59(e) have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to present "contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment." *Costello v. United States*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991) (citing cases). These holdings "reflect[ ] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." *Id*. Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). Mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief; a motion for reconsideration is not a substitute for appeal. *Twentieth Century - Fox Film Corp.*, 637 F.2d at 1341.

**II.    Analysis**

Petitioner argues that Court misapplied controlling law and engaged in an inappropriate weighing of factors. Specifically, Petitioner argues the following: (1) because the Court found that the delay was due to Respondent and Respondent provided no reason for the delay, the Court's requirement that Petitioner show actual prejudice was improper; (2) the Court was required to presume prejudice and it was Respondent's burden to rebut this presumption because the delay was "well beyond the threshold set out by the Supreme Court;" and (3) because the government failed to justify the delay, Supreme Court precedent requires dismissal of the charges

2

against him. Dkt. No. 20 at 1–2. These arguments may be either construed as a Rule 59(e) motion alleging clear error by the Court, or a Rule 60(b)(1) motion alleging mistake by the Court. Regardless of whether this motion is brought under Rule 59(e) or Rule 60(b)(1), Petitioner's motion is without merit because the Court was not mistaken and did not commit clear error. Petitioner's arguments misconstrue the Court's finding and misstate the applicable law.

First, Petitioner misconstrues the Court's findings. The Court did not find that Respondent was responsible for the delay. Rather, the Court found that Respondent failed to meet its burden of explaining the delay in bringing Petitioner to trial, and also found that nothing in the record supported an inference that the prosecution deliberately caused the delay. *See* Dkt. No. 18 at 8–9. While the Court stated that, on the record presented, the delay could, at most, be attributed to government negligence, the Court did not find that the government actually acted negligently. *See id.* at 9.[1]

Second, Petitioner misstates the applicable law.

Petitioner argues that that Supreme Court and Ninth Circuit precedent prohibited the Court from requiring Petitioner to show actual prejudice; that the Court was required to presume prejudice and it was Respondent's burden to rebut this presumption; and Supreme Court precedent requires dismissal of the charges against him because the government failed to justify the delay. Dkt. No. 20 at 1–3. Petitioner also argues that prejudice should not be evaluated solely by the impact on his defense. Dkt. No. 20 at 3.

While Petitioner is correct that prejudice is presumed where there is a delay longer than a year, Petitioner fails to understand that a presumption of prejudice is not dispositive and does not preclude the Court considering actual prejudice. A presumption of prejudice merely triggers the four-factor inquiry set forth in *Barker*.[2] *Doggett*, 505 U.S. at 651–52. The importance of the

---

[1] The Court stated:
   On the record presented, the prosecution's failure to prosecute the case between March 22, 2011 (filing of the amended complaint) and May 6, 2013 (Petitioner returned to custody of Contra Costa County after plea bargain entered in Napa County case and conviction secured in Sonoma County case) was, *at most*, *negligent*, which would weigh somewhat in Petitioner's favor, though not as heavy as would a deliberate delay.
Dkt. No. 18 at 9 (emphasis added).
[2] The *Barker* factors to be considered when evaluating a speedy trial claim are: "[l]ength of delay,

3

presumed prejudice depends on the length of the delay and the circumstances of each case, with the importance increasing with the length of the delay. *Id.* at 655; *see also United States v. Gregory*, 322 F.3d 1157, 1162 (9th Cir. 2003); *United States v. Tanh Huu Lam*, 251 F.3d 852, 856 (9th Cir.), *as amended on denial of reh'g and reh'g en banc sub nom. United States v. Lam*, 262 F.3d 1033 (9th Cir. 2001) ("length of delay that will provoke . . . [the *Barker*] inquiry is necessarily dependent upon the peculiar circumstances of the case"). Even where there is presumed prejudice, the Court is still required to consider and balance all four *Barker* factors, including the fourth factor which is the prejudice to the defendant caused by the delay. *Doggett*, 505 U.S. at 655–56 ("presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria, it is part of the mix of relevant facts . . .") (internal citation omitted). Because the record possibly supported an inference that the delay was caused by the government's negligence, the Court followed Ninth Circuit precedent by considering the amount of delay in relation to particularized prejudice. *Gregory*, 322 F.3d at 1163 ("we have held that when the government has been negligent and the delay does not far exceed the minimum time required to trigger the full *Barker* inquiry, 'we must consider the amount of delay in relation to particularized prejudice.'") (holding that 22-month delay is not long enough to excuse petitioner from demonstrating actual prejudice to prevail on claim).

Petitioner is incorrect that Supreme Court precedent requires dismissal of the charges against him because the government failed to justify the delay. None of the four *Barker* factors are either a necessary or sufficient condition for finding a speedy trial deprivation. *Barker*, 407 U.S. at 533. They are related factors and must be considered together with such other circumstances as may be relevant. *Id.* The government's failure to justify the delay does not mandate a finding that Petitioner's right to a speedy trial was violated.

Finally, Petitioner is correct that prejudice should not be evaluated solely by the impact on his defense. Dkt. No. 20 at 3. However, the prejudice alleged by Petitioner — receiving a consecutive sentence instead of a concurrent sentence — is entirely speculative. Assuming

---

the reason for the delay, the defendant's assertion of his [speedy trial] right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

4

arguendo that Petitioner had gone to trial in Contra Costa County in August 2012 as originally scheduled, it is far from certain that in 2013 the Sonoma County Superior Court would have sentenced Petitioner to a sentence concurrent to the one he would then be serving for the Contra Costa County case. The Court also addressed and rejected the remaining claims of prejudice alleged by Petitioner, *see* Dkt. No. 18 at 11, and a motion for reconsideration should not be used to rehash arguments previously presented. *Costello*, 765 F. Supp. at 1009.

For the foregoing reasons, Petitioner's motion for reconsideration is DENIED. The Court has not committed clear error (Rule 59(e)); nor was the Court mistaken in its findings or application of the relevant law (Rule 60(b)). Because Petitioner has failed to demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong, the Court also DENIES Petitioner's renewed request for a certificate of appealability.

This order terminates Docket No. 20.

**IT IS SO ORDERED.**

Dated: 12/27/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge